IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSHUA LEE-SNOW CHRISTIE and ALLISON LEEANNE BRENNAN, <br><br>*Plaintiffs*, <br>v. <br><br>HANKOOK TIRE AMERICA CORPORATION *et. al.*, <br><br>*Defendants*. | § § § § § § § § § § § § Case No. 2:22-cv-00067-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue by defendant Hankook Tire American Corporation ("Hankook"), **Dkt. No. 19**, seeking an intra-district transfer from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a). After consideration, the motion is **DENIED**.

**I.      BACKGROUND**

On March 7, 2022, plaintiffs Joshua Lee-Snow Christie and Allison LeeAnne Brennan filed a complaint against defendant Hankook Tire America Corporation and others alleging a product liability claim arising from the explosion of a tire Christie was attempting to mount onto a rim. The alleged incident occurred in Kilgore, Gregg County, Texas. The plaintiffs reside in Tatum, Texas. None of the Defendants reside in Texas or have a principal place of business within the Eastern District of Texas.

Hankook's motion is based entirely on the fact that the alleged incident, relevant documents, and potential non-party witnesses reside in the Tyler Division. However, the proper question under § 1404(a) is not in which division the incident occurred or the evidence and witnesses may be found. Instead, the proper inquiry is whether the courthouse in Tyler is "clearly more convenient"

for the witnesses and evidence than the courthouse in Marshall. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 15 (5th Cir. 2008) ("*In re Volkswagen II*").

## II.     LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient taking into consideration" the public and private factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal quotations omitted).

The plaintiff's choice of venue is entitled to some deference, however it is "not an independent factor." *In re Volkswagen* II, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.*

### III.   ANALYSIS

#### A.   Proper Venue

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas. The threshold requirement for transfer under § 1404(a) has been met.

#### B.   Private Interest Factors

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981)).

The sources of documentary evidence relating to the design and manufacture of the products at issue will primarily come from outside of Texas, Dkt. No. 19 ¶ 11, which favors neither Tyler nor Marshall. Further, while the incident may have occurred in Kilgore lending to a presumption that key witnesses are also located in or around Kilgore, the difference between the distances from Kilgore to the Tyler Federal Courthouse and from Kilgore to the Marshall Federal Courthouse is less than 10 miles, which also favors neither Tyler nor Marshall. The Plaintiffs' residence is actually closer to the Marshall courthouse.

Second, the Court must consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Id.* at 316. The parties have not identified any non-party witnesses that would be

outside the subpoena power of either the Marshall or Tyler Divisions. Accordingly, this factor is neutral.

Third, the convenience of the key witnesses may be the single most important factor for the Court to consider. *Durrett v. Walmart, Inc.*, No. 2:18-cv-00332-JRG, 2018 U.S. Dist. LEXIS 186618, *7 (E.D. Tex. Oct. 31, 2018); *see also Corbitt v. S. Refrigerated Transp., Inc.*, No. 2:06-cv-00330-LED, 2006 U.S. Dist. LEXIS 78761, *5, (E.D. Tex. Oct. 30, 2006) (internal quotation omitted) (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986)). Hankook proposes in general terms that potential witnesses likely reside in the Tyler Division without identifying a single potential witness who lives closer to the Federal Courthouse in Tyler than to the Federal Courthouse in Marshall. Dkt. No. 19 ¶ 13. The Plaintiffs respond that potential key witnesses live in the Longview-Kilgore area which is approximately halfway between Tyler and Marshall. Because Hankook has not identified any potential witness who lives significantly closer to the Federal Courthouse in Tyler, the Court finds that this factor is also neutral.

Fourth, there are not any additional practicable problems identified by Hankook.

### C. Public Interest Factors

The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

With respect to congestion, Hankook argues that the Marshall Division suffers significant congestion as compared to the Tyler Division and cites caseload statistics for support. The Plaintiffs argue that Tyler has a much larger criminal docket which generally takes precedence

4

over the civil docket. The Court finds that both divisions could provide timely trials. Accordingly, this factor is neutral as well.

Second, the "local interest" factor is neutral. Hankook argues that the accident happened in the Tyler Division, but as pointed out above, the accident happened between and nearly equidistant to Marshall and Tyler.

Third, the parties agree that the "familiarity" with the law factor should be neutral.

Fourth, the parties agree that the "conflicts of law" factor should be neutral.

## IV.  CONCLUSION

The Court finds that Hankook has not shown that the Tyler Division is clearly more convenient than the Marshall Division. The Motion is **DENIED**.

**SIGNED this 3rd day of August, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE